IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HOPE HUERTA, as next friend
and parent of Blanca M. Valdez-
Huerta, a minor,

      Plaintiff/Counter Defendant,

  vs.                                        CIVIL NO.  09-485 RHS/LFG

BIOSCRIP PHARMACY SERVICES,
INC., and DOES 1-25,

      Defendants/Counter Claimants.

## ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Defendant Bioscrip Pharmacy Services, Inc.'s ("Bioscrip") Opposed Motion for Protective Order [Doc. 86].  The Court considered the motion together with Plaintiff Hope Huerta's ("Huerta") response in opposition [Doc. 101] and Bioscrip's reply [Doc. 118].  Oral argument is not necessary.  The Court denies the motion for the reasons below.

### Background

Huerta filed suit against Bioscrip alleging *inter alia* that Bioscrip marketed and sold a defective prescription of Tacrolimus [Doc. 27].  Huerta contends that the medication formulated by Bioscrip contained only 11% of the concentration of the required active ingredient to make the medication effective. [Doc. 27, ¶ 11].  Indeed, Huerta represents that "subsequent testing revealed the medication supplied by Bioscrip . . . was sub-potent, containing only roughly 11% of the expected concentration of the active ingredient . . . ."  [Id.]

However, Huerta failed to provide support for her allegations regarding subsequent testing either by way of mandatory Rule 26 initial disclosures, responses to Bioscrip's interrogatories specifically requesting this information, or Rule 26 expert reports.  Instead, Huerta objected to written discovery requests seeking support for her allegations on grounds that her experts would discuss the requested information.  This was improper, even if the experts had provided the pertinent information, which they did not.  *See* Pilling v. General Motors Corp., 45 F.R.D. 366, 369 (D. Utah 1968) (answers to interrogatories must be responsive, full, and complete within themselves, if possible; materials outside the answers ordinarily should not be incorporated by reference); *see also* Jackson v. Coach, Inc., 2008 WL 782635 at *4, n. 4 (D. Kan. Mar. 20, 2008) (unpublished decision) (incorporation by reference to a deposition is not a responsive answer);  Trabon Engineering Corp. v. Easton Manufacturing Co., 37 F.R.D. 51 (N.D. Ohio 1964) (a plaintiff cannot answer one interrogatory simply by referring defendants to another equally unresponsive answer).

## **Bioscrip's Motion for Protective Order**

On January 18, 2010, Huerta served written discovery requests on Bioscrip.  Because Huerta failed to provide support for her allegations (as noted above), Bioscrip now contends that Huerta's claims are without merit and that Bioscrip should not have to go through the burden and expense of responding to Huerta's written discovery requests.  Bioscrip, however, did not respond to Huerta's discovery or state objections, but, rather, filed this blanket Motion for Protective Order objecting to all of the discovery.

The Court determines this is improper.  Bioscrip must either respond to the interrogatories served or, alternatively, state objections, if it has legally cognizable objections.  If the Court determines that the objections are well-taken, it will sustain them and Bioscrip will not have to

provide the information.  If the Court determines the objections are not well-taken, Bioscrip will be required to comply with its discovery obligations and produce information in accordance with Fed. R. Civ. P. 26.

In an attempt to expedite the parties' efforts in resolving this matter without additional court intervention, the Court makes the following observations.  Huerta's requested discovery is broad, including requests, *e.g.,* for personnel files of all Bioscrip's witnesses named in its witness list; class-one errors allegedly committed by Bioscrip for several years prior to 2007; information concerning compliance with state Board of Pharmacy regulations; information in Bioscrip's prescription tracking computer program; and job descriptions for Bioscrip's employees.  Based on a review of these requests, the Court notes that Bioscrip may have legitimate objections.  However, Bioscrip must either provide specific answers or raise objections, where appropriate.

Accordingly, Court DENIES the Motion for Protective Order and directs Bioscrip to serve either responses or cognizable objections to the interrogatories, within twenty (20) days after entry of this Order.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge